STATE v. BROWN

[148 N.C. App. 683 (2002)]

STATE OF NORTH CAROLINA v. RESHAUD AMONDO BROWN

No. COA00-1527

(Filed 19 February 2002)

**1. Evidence— cross-examination—credibility—truthfulness**

Even assuming arguendo that the trial court erred in a robbery with a dangerous weapon case by sustaining the State's objections to the questions asked by defendant during his cross-examination of one of the eyewitnesses to the robbery concerning the eyewitness's lying to a detective about a separate robbery for the purposes of establishing the eyewitness's character for truthfulness, defendant has failed to show that any error in excluding the testimony in question prejudiced defendant when there was eyewitness testimony by three other individuals that defendant committed this robbery and the evidence that defendant committed the robbery was overwhelming. N.C.G.S. § 8C-1, Rule 608(b).

**2. Witnesses— assistant district attorney—concessions provided to coparticipants in exchange for testimony about crime**

Even assuming arguendo that the trial court erred in a robbery with a dangerous weapon case by permitting an assistant district attorney to testify at trial concerning the concessions that two eyewitnesses had received in exchange for agreeing to testify about the robbery, defendant has not met his burden of showing that there is a reasonable possibility that a different result would have been reached at trial absent this error.

Appeal by defendant from judgment entered 28 June 2000 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 29 November 2001.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General M. A. Kelly Chambers, for the State.*

*Mark E. Hayes for defendant-appellant.*

HUNTER, Judge.

Reshaud Amondo Brown ("defendant") appeals from a judgment entered against him on the charge of robbery with a dangerous

weapon. On appeal, defendant argues that the trial court erred in sustaining the State's objections to questions asked by defendant during his cross-examination of one of the eyewitnesses to the robbery. Defendant also argues that the trial court erred in permitting an assistant district attorney to testify at trial. We find no prejudicial error in defendant's trial.

The evidence at trial tended to show that on 29 September 1999, defendant was driving a car containing four other individuals, including Ibn Hasan ("Hasan") and Michael Jarrell ("Jarrell"). Defendant followed a car with a "Pizza Hut" delivery sign into an apartment complex. Jarrell left the car intending to rob the Pizza Hut delivery employee, Everett Alston ("Alston"), but stopped and returned to the car when he realized he knew Alston. Defendant then proceeded to exit the car and rob Alston using a gun and wearing a ski mask and gloves. All five individuals were arrested and charged with robbery with a dangerous weapon. Jarrell agreed to testify as to the events of the robbery in exchange for not being tried as an adult, and the other three individuals who had been in the car, including Hasan, each agreed to testify as to the events of the robbery in exchange for having the charges against them dropped. At defendant's trial, Jarrell, Hasan, and the other two eyewitnesses each testified that defendant committed the robbery. Alston testified as to the approximate size and weight of the person who had robbed him. Also, Frank Chut ("Chut"), an assistant district attorney, testified as to the concessions that Jarrell and Hasan had received in exchange for agreeing to testify about the robbery.

We first note that defendant contends on appeal that the two evidentiary rulings by the trial court, to which defendant has assigned error, violated various constitutional rights of defendant. However, defendant's objections and arguments at trial were not based upon constitutional grounds, and the trial court's rulings on defendant's objections were, likewise, not made on constitutional grounds. It is well-established that constitutional issues not raised or passed upon at trial will not be considered for the first time on appeal. *See, e.g., State v. Anthony,* 354 N.C. 372, 389, 555 S.E.2d 557, 571 (2001). Therefore, we decline to review the constitutional components of defendant's arguments, and we limit our review to a consideration of the grounds upon which the objections, and the trial court's rulings, were actually based.

**[1]** Defendant first argues that the trial court erred in sustaining the State's objections to certain questions asked by defendant during his

cross-examination of Hasan. A review of the record indicates that, on direct examination, Hasan testified that defendant committed the robbery of Alston, and he further testified that he has no reason to lie about who committed the robbery. On cross-examination, defendant asked Hasan whether he had lied to a particular detective about a separate robbery incident involving a business called "the Sonic." Before the State was able to object to this question, Hasan stated, "[o]h, yeah. I remember lying to him." The State then objected on the grounds of relevancy.

The trial court removed the jury and conducted a hearing, during which defendant specifically argued that he wished to question Hasan regarding lies he told to a detective about "the Sonic robbery" for the purpose of impeaching Hasan's credibility. The trial court sustained the State's objection, stating:

> The Sonic robbery is wholly collateral to the present case and is not intermingled or inextricably intertwined in this case.

> The investigative details of the so-called Sonic robbery being wholly collateral to the case at bar are not relevant to the present prosecution.

> Even if there be some marginal relevance on the issue of impeachment, the probative value of such evidence is substantially outweighed by the very distinct and present danger of confusion of the issues by the jury and by the danger of misleading the jury and should be thus excluded under Rule 403.

On appeal, defendant argues that he should have been permitted to question Hasan about the details of the Sonic robbery itself because such questioning would have revealed a reason for Hasan to be biased against defendant. As with defendant's constitutional arguments, defendant did not, in fact, argue the issue of bias to the court at trial. Thus, we address only the issue of whether defendant should have been permitted to question Hasan regarding his lying to a detective about a separate robbery for purposes of establishing Hasan's character for truthfulness.

Rule 608(b) of the North Carolina Rules of Evidence provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if pro-

bative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

N.C. Gen. Stat. § 8C-1, Rule 608(b) (1999). In order to be admissible under this Rule, evidence of specific instances of conduct offered for impeachment purposes must satisfy four basic prerequisites: (1) the purpose of producing the evidence must be to impeach or enhance the witness' credibility by proving that the witness' conduct indicates his character for truthfulness or untruthfulness; (2) the conduct in question must be both probative of truthfulness or untruthfulness, and not too remote in time; (3) the conduct in question must be conduct that did not result in a conviction; and (4) the inquiry into the conduct must take place during cross-examination. *State v. Morgan*, 315 N.C. 626, 634, 340 S.E.2d 84, 89-90 (1986).

If the proffered evidence meets these four enumerated prerequisites, before admitting the evidence the trial judge must determine, in his discretion, pursuant to Rule 403, that the probative value of the evidence is not outweighed by the risk of unfair prejudice, confusion of issues, or misleading the jury, and that the questioning will not harass or unduly embarrass the witness.

*Id.* at 634, 340 S.E.2d at 90. Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (1999).

Here, defendant sought to inquire as to whether an eyewitness to the robbery had, on a prior occasion, lied to police officers about his involvement in a separate robbery. Evidence of such conduct would, of course, tend to establish a witness' character for untruthfulness. The trial court nevertheless excluded the evidence under Rule 403. It is not clear how testimony by Hasan as to whether he lied to police officers about a separate robbery could have resulted in confusion of the issues or misleading the jury.

However, even assuming *arguendo* that the trial court erred in excluding the testimony, we conclude that defendant has not met his

burden of showing that there is a reasonable possibility that, had the error not been committed, a different result would have been reached at trial. *See* N.C. Gen. Stat. § 15A-1443(a) (1999). Even if defendant had been permitted to question Hasan regarding his lying to the police about the Sonic robbery, and even if defendant had been successful in establishing Hasan's character for untruthfulness, the State's evidence against defendant, including eyewitness testimony by three other individuals that defendant committed the robbery of Alston, was overwhelming. Thus, defendant has failed to show that any error in excluding the testimony in question prejudiced defendant.

[2] Defendant's second and final assignment of error involves the testimony of Chut, an assistant district attorney, who was permitted to testify for the State over defendant's objection. During a hearing to address defendant's objection, the State argued that it sought Chut's testimony in order to clarify the details of the inducements that were offered to two of the eyewitnesses, Hasan and Jarrell, in order to secure their testimony regarding the robbery. Defendant argues that Chut should not have been permitted to testify because his testimony would violate Rule 3.7 of the North Carolina Revised Rules of Professional Conduct, and because his testimony would prejudice the jury against defendant by unfairly bolstering the credibility of the testimony of the eyewitnesses in the eyes of the jury.

A trial court's decision to permit a witness to testify is not reviewable on appeal in the absence of an abuse of discretion, *see State v. Britt*, 291 N.C. 528, 534, 231 S.E.2d 644, 649 (1977), and we are not persuaded that the trial court abused its discretion in admitting Chut's testimony. However, even assuming *arguendo* that the trial court's determination to allow Chut to testify constituted error, defendant has not met his burden of showing that there is a reasonable possibility that, had such error not been committed, a different result would have been reached at trial. N.C. Gen. Stat. § 15A-1443(a). Chut testified as to the details of the concessions provided to Jarrell and Hasan by the district attorney's office in return for their agreeing to testify truthfully about the robbery of Alston. Following the State's direct examination, defendant cross-examined Chut and elicited from Chut an express acknowledgement that he was not present at the time of the robbery and that he does not have any first-hand knowledge as to what actually occurred at the time of the robbery. Thus, any possibility that Chut's testimony might serve to bolster the testimony of the eyewitnesses was successfully thwarted by defendant.

Considering also the overwhelming evidence against defendant, we are not persuaded that Chut's testimony prejudiced defendant.

For the foregoing reasons, we find no prejudicial error in defendant's trial.

No error.

Judges McGEE and BRYANT concur.